# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JORDAN OWENS,               )
                                     )
         Plaintiff,          )
                                     )
      v.                     )      Civil Action No.   24-3090 (UNA)
                                     )
                                     )
THE UNITED STATES,      )
                                     )
         Defendant.       )

## Memorandum Opinion

The Court is in receipt of Plaintiff's *pro se* "Complaint & Notice of Removal" and application to proceed *in forma pauperis*. For the reasons below, the Court grants Plaintiff's *in forma pauperis* application and dismisses the complaint.

Plaintiff sues the United States in a 50-page pleading that contains largely undecipherable blocks of disjointed text, sketches, charts, and exhibits. For example, Plaintiff writes under the heading of "Damages" that "intangible assets are being damaged on terms of failure to mitigate, delayed compensation/funding, and potentially even insufficient policy or regulation" and under "Remedies" seeks "to leverage the administrative procedure Act concern he has pending . . . to ultimately uphold my point and argument of failure to mitigate damages and also to enable what should become the foundation of a private foundation." ECF No. 1 at 8. Plaintiff also "would like the 5% annual demand from private foundations to be situated to address the conundrum of curbing 5 trillion of annual spending." *Id*.

As a *pro se* litigant, the Court holds Plaintiff's pleading  to less stringent standards than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant's pleadings still must comport with the Federal Rules of Civil Procedure.

*See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A "complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard" as "will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks omitted).

Plaintiff has not established a basis for federal court jurisdiction or alleged a coherent set of facts to "give the defendant[] fair notice of what the claim is and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Federal courts lack power to entertain complaints, as here, that are "patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Therefore, this case will be dismissed by separate order.

_____/s/_____
AMIR H. ALI
Date: February 3, 2025                              United States District Judge

2